REGAL HOME DISTRIBUTORS, INC., a Corporation of the State of Delaware, v. JOHN A. GORDON, T/A Mid-City Home Eqipment Company.

(*May* 25, 1949.)

LAYTON, J., sitting.

*Harold Leshem* for Plaintiff.

*Keil and Keil* for Defendant.

Superior Court for New Castle County, No. 650, Civil Action, 1948.

LAYTON, J.

■ ■ . The law in this country on the point is well settled

and completely summarized in Vol. IV Re-statement of the Law of Torts, Sec. 768:

"(1)  One is privileged purposely to cause a third person not to enter into or continue a business relation with a competitor of the actor if

(a) the relation concerns a matter involved in the competition between the actor and the competitor, and

(b) the actor does not employ improper means, and

(c) the actor does not intend thereby to create or continue an illegal restraint of competition, and

(d) the actor's purpose is at least in part to advance his interest in his competition with the other.

(2) The fact that one is a competitor of another for the business of a third person does not create a privilege to cause the third person to commit a breach of contract with the other even under the conditions stated in Subsection (1)."

■   It is clear from the complaint that plaintiff and defendant were business rivals dealing in the same products and that defendant's purpose was, at least, in part "to advance his interest in his competition" with plaintiff.  It does not appear that defendant, in indulging in the alleged unfair practices was "creating or continuing an illegal restraint of competition", or that the customers being solicited by defendant were under contract with plaintiff.  It follows, therefore, that unless defendant employed "improper means" in soliciting business from plaintiff's customers, this action must fall.  The improper means stated in the complaint consisting of statements by defendant relating to plaintiff's secret connection with another corporation of which its customers would not have approved and (2) imputations of plaintiff's financial irresponsibility.  The complaint fails to allege that the statements were false.  In this connection the law seems to be settled that

unless the words constituting the persuasion complained of are false, then no action will lie. *Vol. IV Restatement of Torts, Sec. 767, p. 65; Vol. 30 Am.Jur. Interference, Sec. 34; Ann. 99 A.L.R. pp. 21 and 22.*

The motion for summary judgment is granted.